NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 4, 2017
Decided December 27, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-4181

| | |
|---|---|
| THOMAS McLAUGHLIN, et al., *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:16-cv-09428 |
| PNC BANK, NATIONAL ASSOCIATION, a Delaware banking corporation, with its principal place of business in Pennsylvania, *Defendant-Appellee*. | Milton I. Shadur, *Judge*. |

**O R D E R**

After PNC Bank obtained a judgment of foreclosure on a residence, former occupants of the residence sued PNC for intentionally and maliciously damaging their personal property during the eviction. The district court dismissed the complaint for failing to state a claim. Because the plaintiffs sued the wrong party, we affirm the dismissal.

The amended complaint alleges that, after contentious foreclosure litigation had ended, PNC took legal possession on September 30, 2016, of a house that contained the

plaintiffs' personal property. (The plaintiffs are Thomas McLaughlin, John DiGregorio, Terri Zausa, and Brianna Zausa.) PNC contracted with local movers—a lawn-maintenance company—to remove the property from the house. The contractor "moved Plaintiff's property outside, on the wet lawn, while it was raining." The property is "very expensive" and includes "sentimental" items. The movers "intentionally" damaged this property by "throwing" it on the ground out of "malice and vengeance" to "intimidate, deter and make an example of those who contest mortgage foreclosure actions and evictions." (The plaintiffs do not say if they did anything to protect their property from the rain.) They seek compensation from PNC for their contractor's intentional damage to the property; they also charge PNC with other torts: negligence in hiring the movers, trespass to chattels, and conversion. The plaintiffs, citizens of Illinois, invoke diversity jurisdiction; PNC Bank is a Delaware corporation with its principal place of business in Pennsylvania.

The district judge correctly dismissed the complaint for failing to state a claim. Fed. R. Civ. P. 12(b)(6). First, the judge did not err in dismissing the intentional-damage count. Under Illinois law, which the parties agree governs, one who intentionally or maliciously destroys the property of another commits a tort. *See Loman v. Freeman*, 890 N.E.2d 446, 461 (Ill. 2008). The plaintiffs argue that PNC is liable for intentionally damaging the plaintiffs' personal property because their contractor maliciously threw their property into the rain. But PNC hired an independent contractor, a lawn-maintenance company, to transport the property out of the house. Illinois law has long established that one is not responsible for the actions of an independent contractor. *See Lawlor v. N. Am. Corp. of Ill.*, 983 N.E.2d 414, 427 (Ill. 2012). PNC was thus not the proper party for the plaintiffs to sue. When questioned about this at oral argument, plaintiffs' counsel speculated the contractor was judgment-proof. But counsel's explanation does not justify suing a nonculpable party.

That brings us to the negligent-hiring count against PNC, which the district court also properly dismissed. PNC argues that "Illinois law does not impose a duty of care upon the owner of real property to take care of the personal property left behind after the occupants have been lawfully evicted." They are correct. The most pertinent Illinois case is *Dargis v. Paradise Park, Inc.*, 819 N.E.2d 1220, 1231 (Ill. App. Ct. 2004). *Dargis* observed that "a landlord assumes no duty to care for the property that a former tenant has left behind when the landlord exercises control over the premises after the tenancy has been terminated by lawful eviction." *Id.* Although an exception may apply "when the landlord chooses to care for the property," *id.*, the plaintiffs do not allege that PNC chose to maintain oversight of their property. To the contrary, according to the

plaintiffs, on the day of eviction PNC relinquished possession of the plaintiffs' personal property "immediately."

The remaining counts also were properly dismissed. The plaintiffs appear to base their claims for conversion and trespass to chattels on the mere fact that PNC ordered the removal of the plaintiffs' property after PNC acquired possession of the residence. But the plaintiffs do not contest that a court order allowed PNC to possess the residence. Because an order of possession grants authority to remove unwanted items from the residence, the order negates claims for conversion and trespass to chattels. *See Chi. Dist. Council of Carpenters Welfare Fund v. Gleason & Fritzshall*, 693 N.E.2d 412, 414 (Ill. App. Ct. 1998) (defendant's control must be unauthorized to state claim for conversion); *Roderick Dev. Inv. Co. v. Cmty. Bank of Edgewater*, 668 N.E.2d 1129, 1133 (Ill. App. Ct. 1996) (same); *Mead v. Pollock*, 99 Ill. App. 151, 154 (Ill. App. Ct. 1901) (holding there was no trespass when defendants removed property during an eviction with "no unnecessary harm to any of her belongings"). Plaintiffs' final count simply cites a law about the statute of limitations in tort actions; it is therefore not a valid, separate claim. *See* 735 ILCS 5/13-205.

We affirm the judgment.